IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00202-MR-DLH

| | | |
|---|---|---|
| **LINDA SANDERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **DEERFIELD EPISCOPAL** | ) | |
| **RETIREMENT COMMUNITY,** | ) | |
| **INCORPORATED,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff, proceeding *pro se*, initiated this action against the Defendant Deerfield E. Retirement on July 16, 2013. [Doc. 1]. An Amended Complaint was filed on September 9, 2013. [Doc. 5]. On October 3, 2013, the Defendant Deerfield Episcopal Retirement Community, incorrectly named as Deerfield E. Retirement, filed a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) based on the Plaintiff's failure to properly serve a summons and complaint upon the Defendant. [Doc. 7]. In response, the Plaintiff moved for leave to file an Amended Complaint to name the proper Defendant and

for an extension of time to perfect service on such Defendant. [Doc. 12]. The Court granted the Plaintiff's motion, giving her until December 30, 2013 to file an Amended Complaint naming the proper Defendant and until January 14, 2014 to perfect service on the Defendant. [Doc. 19].

The Plaintiff filed her Second Amended Complaint on December 30, 2013, naming only Deerfield Episcopal Retirement Community, Incorporated as a Defendant. [Doc. 21]. On January 14, 2014, the Plaintiff filed a motion for extension of time to perfect service. [Doc. 25]. The Court denied this motion as moot, noting that the January 14, 2014 deadline related only to the Plaintiff's action against Deerfield E. Retirement, and that Plaintiff had 120 days from the filing of the Second Amended Complaint to perfect service on the new Defendant, Deerfield Episcopal Retirement Community, Incorporated. [Doc. 26].

More than 120 days has now passed from the filing of the Second Amended Complaint, and there is nothing in the record to indicate that the Plaintiff has served the Defendant Deerfield Episcopal Retirement Community, Incorporated with the Second Amended Complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its

> own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Plaintiff is hereby placed on notice that unless good cause is shown to the Court for her failure to effect service of the Summons and Second Amended Complaint on the Defendant Deerfield Episcopal Retirement Community, Incorporated within fourteen (14) days from service of this Order, the Plaintiff's action against the Defendant shall be dismissed without prejudice without further order.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall show good cause within fourteen (14) days of service of this Order for the failure to effect service on the Defendant Deerfield Episcopal Retirement Community, Incorporated.

**IT IS FURTHER ORDERED** that failure of the Plaintiff to respond in writing within fourteen (14) days shall result in a dismissal without prejudice of this action without further order of the Court.

**IT IS SO ORDERED.**

Signed: May 15, 2014

Martin Reidinger
United States District Judge

3