# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv202

| | |
|---|---|
| LINDA SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| DEERFIELD E. RETIREMENT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss [# 29]. Defendant Deerfield Episcopal Retirement Community, Inc. ("Defendant") moves to dismiss the Second Amended Complaint with prejudice for failure to perfect service. The Court **RECOMMENDS** that the District Court **GRANT in part** the motion [# 29].

## I.  Background

Plaintiff brought this action on July 16, 2013, against Defendant Deerfield E. Retirement asserting claims pursuant to Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and the Age Discrimination in Employment Act ("ADEA"). (Pl.'s Compl. p. 1.) Plaintiff then filed an Amended Complaint on September 9, 2013, against Defendant Deerfield E. Retirement asserting an additional claim for

religious discrimination. (Pl.'s Am. Compl. at p. 1.)  Subsequently, Defendant Deerfield E. Retirement moved to dismiss the Amended Complaint for insufficiency of process.  The Court then entered an Order warning Plaintiff of her obligation to respond to the motion and her obligation to perfect service pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Order, Oct. 29, 2013.)

In response to the Motion to Dismiss, Plaintiff moved for leave to file a Second Amended Complaint, which the Court granted. (Order, Dec. 10, 2013.) In its Order, the Court granted Plaintiff leave to file a Second Amended Complaint that named the proper defendant and extend the time until January 14, 2014, to perfect service on Defendant Deerfield E. Retirement. (Order, Oct. 29, 2013, at pp. 1-2.) In addition, the Court instructed Plaintiff as follows in the Court's Order:

> The Court also **INSTRUCTS** Plaintiff that the failure to perfect service by January 14, 2014, may result in the Court recommending that the District Court dismiss this case without prejudice. No further extensions of time shall be granted to Plaintiff to perfect service.

(Id. at p. 2.) The Court also denied without prejudice Defendant Deerfield E. Retirement's Motion to Dismiss. (Id.)

Plaintiff filed her Second Amended Complaint on December 30, 2013, naming Deerfield Episcopal Retirement Community, Inc. as the proper defendant in this action. (Pl.'s Sec. Am. Compl. at p. 1.) A summons was issued as to Defendant and placed in the United States mail. The summons was issued to:

>       Deerfield Episcopal Retirement Community, Incorporated
>       C/O CEO & President Robert F. Wernet Jr.
>       1617 Hendersonville, Rd
>       Asheville, NC 28803

(Summons, Dec. 30, 2013.) Plaintiff then moved for an extension of time to perfect service on Defendant. The Court, however, denied as moot the Plaintiff's motion. (Order, Jan. 22, 2014.) As the Court explained in its Order:

> The Second Amended Complaint, however, did not assert claims against the prior Defendant, Deerfield E. Retirement. As a result, no extension of time is necessary to perfect service as to Defendant Deerfield E. Retirement since it is no longer a party to this action. Instead, the Second Amended Complaint asserts claims against Deerfield Episcopal Retirement Community, Incorporated. Plaintiff shall have 120 days from the filing of the Second Amended Complaint to perfect service of process on the new Defendant, Deerfield Episcopal Retirement Community, Incorporated.

(Id.) The summons, however, was not returned as executed and there was no activity in the case from the entry of the Court's January 22, 2014, Order until the entry of a Show Cause Order by United States District Judge Martin Reidinger on May 15, 2014. The District Court's Order directed Plaintiff to show cause within fourteen days of the Court's Order whether good cause exists for her failure to effect service of the Second Amended Complaint and Summons on Defendant Deerfield Episcopal Retirement Community, Inc. (Order, May 15, 2014, at p. 3.) The District Court instructed Plaintiff that the failure to demonstrate good cause would result in the District Court dismissing this case without prejudice. (Id.)

In response to Judge Reidinger's Show Cause Order, Plaintiff submitted a letter to this Court accusing employees in the Clerk's Office of misconduct, bias and prejudice. (Pl.'s Letter, May 28, 2014.) In short, Plaintiff contends that the reason service was not perfected as to Defendant Deerfield Episcopal Retirement Community, Inc. was because the Clerk's Office intentionally tried to confuse her and make her incorrectly fill out the Summons. (Id.) Plaintiff, however, does not contend that she has in fact perfected service on Defendant in accordance with the Federal Rules.

The day after Plaintiff submitted her response to the Show Cause Order, Defendant moved to dismiss the Second Amended Complaint for failure to perfect service. Shortly thereafter, the case was reassigned to United States District Court Judge Max O. Cogburn. Plaintiff filed a response to the Motion to Dismiss, in which she made similar allegations of misconduct on behalf of the Clerk's Office as set forth in her response to the Show Cause Order. Defendant's Motion to Dismiss is now before this Court for a Memorandum and Recommendation to the District Court.

**II. Analysis**

A plaintiff is responsible for serving a copy of the complaint with the summons on a defendant within 120 days of the filing of the complaint. Fed. R.

Civ. P. 4(c)(1), (m).  Rule 4(h) sets forth the manner in which a plaintiff must serve a corporation.  If a plaintiff fails to perfect service on a corporation in the manner set forth by Rule 4(h) within the 120 day time period, the Court must dismiss the action without prejudice or order that the plaintiff perfect service within a specified time period.  Fed. R. Civ. P. 4(m).  If, however, the plaintiff demonstrates good cause for the failure to timely serve the defendant, the Court must extend the time period for plaintiff to perfect service.  Id.

Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court finds that Plaintiff has failed to demonstrate good cause for her failure to perfect service.  Plaintiff first brought this action approximately fourteen months ago on July 16, 2013.  She filed an Amended Complaint twelve months ago.  Defendant first raised the issue of improper service in October of 2013, and the Court warned Plaintiff of the consequences of her failure to properly perfect service of process.  (Order, Oct. 29, 2013.)  Despite this warning, and despite the fact that the Court granted Plaintiff an extension of time to perfect service of process (Order, Dec. 10, 2013; Order, Jan. 22, 2014), Plaintiff failed to do so.  In addition to the warning of this Court, the District Court show caused Plaintiff on May 15, 2014.  (Order, May 15, 2014.)

In short, this Court and the District Court have provided Plaintiff numerous

opportunities to perfect service on Defendants, yet Plaintiff has failed to do so. This case has been pending in this Court for well over a year and the Plaintiff has yet to perfect service on the Defendant. Moreover, Plaintiff's unfounded allegations of bias and misconduct on the part of the Clerk's Office as the reason for her failure to perfect service are unavailing. And the fact that Plaintiff is proceeding *pro se* is not sufficient grounds in and of itself to constitute good cause. See Hansan v. Fairfax Cnty. Sch. Bd., 405 Fed. App'x 793, 794 (4th Cir. 2010) (unpublished) ("Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly.") Because Plaintiff has been provided numerous opportunities over the course of this litigation to perfect service and failed to do so, and because Plaintiff has failed to demonstrate good cause for her failure to perfect service on the remaining Defendant in this action, the Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 29] and **DISMISS without prejudice** this action.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 29] and **DISMISS without prejudice** this action.

Signed: September 9, 2014

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).