UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00202-MOC-DLH

| | |
|---|---|
| **LINDA SANDERS,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **DEERFIELD EPISCOPAL RETIREMENT COMMUNITY, INCORPORATED,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Despite numerous opportunities afforded plaintiff by the magistrate judge and the district court, plaintiff has failed to perfect service on the corporate defendant. Plaintiff's objections fail to address the salient legal points and factual determinations of Judge Howell, but instead again attempt to cast blame on the Clerk of Court for plaintiff's inability to effectuate service within the time allowed or show good cause for not complying with the rule.

The court has also considered defendant's Response, which in addition to being responsive to plaintiff's Objections, seeks to have the dismissal be *with* prejudice inasmuch as the time period for filing or refiling such action will have well passed. The magistrate judge and the district judge who preceded the undersigned have repeatedly warned plaintiff that such a dismissal would be *"without prejudice"* and this court will not now reverse course. Further, such warnings and the recommendation that the dismissal be without prejudice is fully consistent with current and well settled case law. The period of limitations is an affirmative defense, which is capable of being waived by the holder, Chacko v. Patuxent Inst., 429 F.3d 505, 513 n. 5 (4th Cir.2005), or tolled by the court in appropriate circumstances. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982); Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 349, n.3 (1983).

Based on such determinations, and finding the Objections to be without merit, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objections (#33) are **OVERRULED**, the Memorandum and Recommendation (#32) is **AFFIRMED,** the Motion to Dismiss (#29) is **GRANTED,** and this action is **DISMISSED WITHOUT PREJUDICE**.

Signed: October 6, 2014

Max O. Cogburn Jr.
United States District Judge